NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM L. McCORD, | No. 23-70119 |
| Petitioner-Appellant, | Tax Ct. No. 28401-21L |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted March 17, 2025**

Before: CANBY, R. NELSON, and FORREST, Circuit Judges.

William L. McCord appeals pro se from the Tax Court's order dismissing as

moot his action challenging a Notice of Determination he received from the

Commissioner of Internal Revenue related to tax year 2015. We have jurisdiction

under 26 U.S.C. § 7482(a)(1). We review de novo the question whether a case is

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

moot. *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003). We affirm.

The Tax Court properly dismissed McCord's action as moot because the Commissioner conceded there was no unpaid liability for tax year 2015 upon which a levy could be based and ceased to pursue the proposed levy. *See Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997) ("A federal court does not have jurisdiction to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." (internal citation and quotation marks omitted)).

The Tax Court did not abuse its discretion by denying McCord's motion for reconsideration because McCord failed to demonstrate unusual circumstances or substantial error. *See Lucky Stores, Inc. & Subsidiaries v. Comm'r*, 153 F.3d 964, 967 (9th Cir. 1998) (standard of review); *Estate of Quick v. Comm'r*, 110 T.C. 440, 441 (1998) (reconsideration is usually not granted absent a showing of unusual circumstances or substantial error).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**